UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JAMES                                          CIVIL ACTION

VERSUS                                         NO: 14-2763

HILTON NEW ORLEANS                             SECTION: "J" (5)
CORPORATION

                           **ORDER & REASONS**

   Before the Court is a *Motion to Remand to State Court* **(Rec. Doc. 9)** filed by Plaintiff Matthew James and Defendant Hilton Management, LLC[1] (Hilton)'s opposition thereto. (Rec. Doc. 15) Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **DENIED** for the reasons set forth more fully below.

                    **FACTS AND PROCEDURAL BACKGROUND**

   This litigation commenced when on August 8, 2014, Plaintiff filed a Petition for Damages in state court. (Rec. Doc. 1-2) In the petition, Plaintiff alleged that on August 10, 2013, he tripped and fell over metal piping on the premises of a Hilton New Orleans Riverside Hotel parking garage. As a result, Plaintiff alleged that he "sustained injuries and damages." Id. at 1. Plaintiff sought damages for "past, present and future mental and physical pain and suffering as well as for his past, present and future physical disability, his past, present and

---
[1] Plaintiff erroneously named Hilton New Orleans Corporation as Defendant.

future medical expenses, and for any and all amounts . . . deemed to be reasonable under the circumstances." See id. at 3. In accordance with Louisiana law, Plaintiff's petition did not specify the amount of the claimed damages. See LA. CODE CIV. PROC. art. 893. The petition also did not include a statement that the amount sought satisfied the amount in controversy requirement for federal jurisdiction. See 28 U.S.C. § 1332.

On September 19, 2014, Defendants served interrogatories on Plaintiff in which Defendants requested an itemized, quantified damages figure. (Rec. Doc. 15, pp. 2-3) On November 7, 2014, Plaintiff's counsel sent Defendant's counsel an email containing the medical records and bills from the Ochsner emergency room and Plaintiff's treating physician. (Rec. Docs. 1-4, 15-1) The records included an itemization of medical expenses totaling $135,638.35. (Rec. Doc. 1-4) Consequently, Defendant removed the case to federal court based on diversity jurisdiction on December 5, 2014. (Rec. Doc. 1)

## **PARTIES' ARGUMENTS**

Plaintiff argues that this Court lacks subject matter jurisdiction because Defendant has failed to prove that the amount in controversy satisfies the jurisdictional requirement. (Rec. Doc. 9-1, pp. 1-2) Plaintiff insists that Defendant's reliance on Plaintiff's counsel's November 7, 2014, email is misguided because the attached medical bills do not reveal that

2

damages exceed the threshold. Id. at 3. Specifically, the information therein regarding Plaintiff's injuries does "not set forth any 'underlying facts' demonstrating that the amount in controversy exceeds $75,000.00." Id. at 2. As such, Defendant's assertion that the amount sought exceeds the jurisdictional threshold is therefore "pure speculation." Id. at 3.

Defendant, in its opposition to remand, maintains that the medical bills totaling $135,638.35, which Plaintiff attributes to the subject accident, establishes by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. (Rec. Doc. 15, p. 5) Defendant also notes that Plaintiff failed to prevent removal by failing "to include a general allegation that the claim is less than the requisite amount" in his state petition. Id. Defendant insists that it has established by a preponderance of the evidence that the jurisdictional threshold is met and that Plaintiff has failed to defeat federal diversity jurisdiction by demonstrating to a "legal certainty that damages do not exceed $75,000." Id. at 6. Accordingly, Defendant urges this Court to deny the Motion to Remand filed by Plaintiff. Id.

## LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a)

3

(2011). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013). The current amount in controversy requirement is $75,000. Id. The Court considers the jurisdictional facts that support removal as of the time of removal. Gebbia v. Walmart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

When the petition is silent on the exact amount of claimed damages, the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000." Grant v. Chevron Phillips Chem. Co., 309 F.3d 864, 868 (5th Cir. 2002)(citing Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722-23 (5th Cir.2002); Gebbia, 233 F.3d at 882). The removing party can satisfy this burden either: (1) by showing that it is "'facially apparent' from the petition that the claim likely exceeds $75,000" or (2) by providing "'*the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" Id. (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir.1995)(emphasis in original)(citations omitted)).

If the removing party can establish by a preponderance of the evidence that the amount in controversy exceeds the

4

requisite amount, "[t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." Id. at 869 (quoting De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995)). It is well-settled that "this is not a burden-shifting exercise; rather, the plaintiff must make all information known at the time he files the complaint." Id. (quoting De Aguilar, 47 F.3d at 1412)(internal quotation marks omitted).

## DISCUSSION

The Court must first look to Plaintiff's Petition for Damages to determine whether it is "facially apparent" that the claimed damages exceed $75,000. See Gebbia, 233 F.3d at 883. In this action, Plaintiff's state court petition demands damages, including damages for past, present, and future mental anguish, pain and suffering, medical expenses, as well as for his past, present, and future physical disability. (Rec. Doc. 1-2, p. 1) However, the petition does not contain a description of the nature and the extent of the injury that Plaintiff allegedly sustained or indicate whether the damages sought exceed the federal jurisdictional amount. Therefore, despite Plaintiff's description of the damages sought, it is not "facially apparent" from the petition whether the jurisdictional amount is satisfied.

5

Because the amount in controversy is not "facially apparent" from Plaintiff's petition, the Court must now determine whether Defendant has established by a preponderance of the evidence that Plaintiff's claimed damages exceed $75,000. See Grant, 309 F.3d at 868 (citations omitted). In its Notice of Removal, Defendant included copies of medical records and bills sent by Plaintiff's counsel to Defendant's counsel, containing an itemization of medical expenses totaling $135,638.35. (Rec. Doc. 1-4)

Any evidence submitted after the petition was filed may be considered if it is relevant to the jurisdictional amount in question at the time of removal. De Aquilar, 47 F.3d at 1406. Here, the records which include itemization of medical expenses for Plaintiff's treatment immediately following the accident giving rise to this litigation help to clarify an ambiguous petition in that they are relevant to the amount in controversy at the time of removal. The November 7, 2014, email, which revealed accrued expenses of more than $135,000 shows that the amount in controversy is met. Thus, the Court finds that Defendant has proved by a preponderance of the evidence that Plaintiff's claim exceeds the jurisdictional threshold.

Because the November 7, 2014, email demonstrated that the action satisfies the amount in controversy requirement, this case should be remanded only if Plaintiff can prove to a "legal

6

certainty" that his recovery will not exceed $75,000. See Grant, 309 F.3d at 869. This may be accomplished, for example, by identifying a statute or by filing a stipulation limiting his recovery. De Aquilar, 47 F.3d at 1412. Here, Plaintiff has neither submitted a binding stipulation limiting his recovery nor relied on a relevant statute, nor has he otherwise proven that his recovery will not exceed $75,000. Plaintiff cannot meet this burden by merely asserting that the amount in controversy is less than $75,000. Thus, the Court finds that Plaintiff has failed to demonstrate to a legal certainty that the amount in controversy did not exceed the jurisdictional amount at the time of removal. The Court concludes that there is adequate proof that the amount in controversy at the time of removal was satisfied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand to State Court* **(Rec. Doc. 9)** is **DENIED**.

New Orleans, Louisiana this 4th day of February, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE