# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MATTHEW JAMES** | * | CIVIL ACTION NO. 2:14-CV-02763 |
| | * | |
| **VERSUS** | * | JUDGE: CARL BARBIER |
| | * | |
| **HILTON NEW ORLEANS CORPORATION** | * | MAGISTRATE: MICHAEL NORTH |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF
## <u>RULE 56 MOTION FOR SUMMARY JUDGMENT</u>

MAY IT PLEASE THE COURT:

This case should be dismissed, with prejudice, because plaintiff cannot prove that he encountered, or that there even existed any defect presenting an unreasonable risk of harm that caused him to fall. Plaintiff, Matthew James, alleges that on August 10, 2013, he fell over a yellow railing in a parking garage of the Hilton New Orleans Riverside Hotel ("Hilton Garage"). We know now, however, that he saw the railing (it would be quite difficult to miss it), knew it was there, purposefully crossed over it and then fell while doing so. Despite this set of record facts, he has sued Hilton Management, LLC ("Hilton"), alleging that the yellow railing was somehow an "unexpected and dangerous condition." (Plaintiff's Petition for Damages, attached hereto as Exhibit "A.") As set forth below, such allegations are the very opposite of the undisputed facts.

There are no facts to support that the railing presented an unreasonable risk of harm under Louisiana law. Because the railing was open and obvious, seen, anticipated and purposefully encountered by plaintiff, it was in no way a defect presenting unreasonable risk of harm. It was in no way the cause of the alleged fall, and certainly its existence did not give rise to a duty to warn (nor

612772_1.WPD

would any such duty have anything to do with why or how this alleged incident occurred).

## BACKGROUND

On August 8, 2014, plaintiffs filed this lawsuit, alleging premises liability/negligence against Hilton. There has been adequate discovery taken as to liability. (The deadline for receipt of expert reports from plaintiffs was June 17, 2015, and plaintiffs submitted no such reports.) The deadline for the hearing of dispositive motions is August 26, 2015, and trial in this matter is set for October 13, 2015. The undisputed material facts show that plaintiff cannot support any claim that the railing on Hilton's premises presented an unreasonable risk of harm. Summary judgment on liability is appropriate and warranted at this time.

## MATERIAL FACTS

This railing that is subject of this lawsuit has been there for at least (almost) two decades or more and has never been the subject of any reported complaint or reported accident causing injury. There has been a railing in place between the two opposing lanes of traffic in the Hilton Garage for more than 18 years. (See Paragraphs 2-4, Affidavit of Cedric Williams, attached hereto as Exhibit "B.") For at least the past 10 years, and perhaps far longer, no one except for the plaintiff has ever complained of the condition of and/or of tripping over this railing. (Ibid. at ¶8.)

The railing at issue is and was quite evident to anyone in the garage, as it was/is more than two feet high and painted a bright yellow. It spans a length of approximately 45 feet (set between columns), it is 24.5 inches high off of the ground surface and it has a diameter of more than 6 inches on the top piping of the rail. (Ibid. at ¶7.) It is painted bright yellow and was painted in the same way at the time of the alleged incident. (Ibid. at ¶5, see also the attached photograph of the railing

from the day of the alleged incident, attached as Exhibit 1 to Exhibit B.)

The deposition testimony of Mr. James reiterates the lack of any unreasonable risk of harm posed by the open and obvious railing or otherwise known to Hilton, and confirms that the cause of the accident was his own decision to cross the railing and his effort in doing so. Immediately preceding the incident, the plaintiff had no trouble seeing in the garage. (See, Deposition of Matthew James, 28:18, attached hereto as Exhibit "C.") The plaintiff saw the yellow railing before he attempted to cross it. (Ibid. at 29:8.) He had no concerns with his safety in crossing over the rail before he attempted to step over it, but understood it to be an obstacle. (Ibid. at 30:6 and 54:25-55:3.) He successfully stepped over the railing with his left foot and put that foot on the ground on the other side of the railing. (Ibid. at 30:15.) In the process of stepping over the railing with his right foot, he caught his foot and he fell. (Ibid. at 30:18.)

## LAW AND ARGUMENT

The uncontested material facts negate plaintiff being able to prove that there existed any defect presenting an unreasonable risk of harm to plaintiff that caused him to fall. As such, plaintiff cannot prove a cause of action for premises liability and/or negligence. As set forth below, summary judgment should be granted, and this case dismissed with prejudice.

### A. Standard

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Hare v. Graham Gulf, Inc.*, 22 F.Supp. 3d 648, 652 (E.D. La. May 27, 2014) (quoting Fed.

R. Civ. P. 56( c)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). An opposing party may not rely on mere allegations in their pleadings to rebut the movant's claims that no genuine issue of material fact exists and that it, the movant, is entitled to judgment as a matter of law. *Rahim v. F.B.I.*, 947 F.Supp. 2d 631, 637 (E.D. La. May 31, 2013).

Moreover, "[w]hen the nonmovant would bear the burden of proof at trial, the moving party can make a proper summary judgment motion in reliance on the pleadings and the allegation that the nonmovant has failed to establish an element essential to that party's case." *Swope v. Columbian Chems Co.*, 281 F.3d 185, 197 (5th Cir. 2002). The nonmoving party must then "'go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial' to defeat summary judgment." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 264-65 (5th Cir. 2002) (quoting *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)); *see also Swope*, 281 F.3d at 197. If no reasonable juror could find for the nonmovant, summary judgment should be granted to the moving party. *See* Fed. R. Civ. P. 56( c)); *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

Applying the summary judgment standard to the instant case warrants dismissal of plaintiff's claims against Hilton because, the applicable law and uncontested facts demonstrate that no defective condition, much less one presenting an unreasonable risk of harm, was present on Hilton's premises when the plaintiff allegedly injured himself.

B. **Hilton Cannot Be Held Liable for Premises Liability**

In the instant case, plaintiff alleges that Hilton created a dangerous condition by having the railing in place, a cause of action seemingly set forth in Louisiana Civil Code Articles 2317 and

2317.1. The Second Circuit Court of Appeal, State of Louisiana, discussed the elements of such a cause of action in *Waller v. Shelter Mut. Ins. Co.*, 41,215, (La. App. 2 Cir. 6/28/06); 935 So. 2d 288:

> [T]o recover for damages caused by a defective thing, the plaintiff must prove that the thing was in the defendant's custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage and that the defendant knew or should have known of the defect... Furthermore, in order to constitute a defect or unreasonable risk of harm, the defect must be of such a nature as to constitute a dangerous condition **which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances**... The duty of a landowner is not to insure against the possibility of an accident on his premises, but, rather, to act reasonably in view of the probability of injury to others. *Waller*, 935 So. 2d at 291-292 (emphasis added).

Thus, plaintiff must prove that (1) Hilton had custody of the railing, (2) that the railing was a defect which presented an unreasonable risk of harm to others, which (3) caused the damage. Moreover, plaintiff must prove that (4) Hilton knew or should have known that this railing was such a defect and (5) prevented the danger/harm through the exercise of reasonable care, yet (6) failed to do so. *Id.* See also *Cormier v. Dolgencorp, Inc.*, 137 Fed. Appx. 627, 627-628 (5th Cir. 2005). Plaintiff must prove **all** of these elements must to prove his cause of action against Hilton. Plaintiff simply cannot do this as he has no proof to support elements (2) - (6).

Plaintiff cannot prove that the railing in the Hilton Garage was unreasonably dangerous. Several factors weigh in the analysis of whether a condition presents an unreasonable risk of harm. These include: the type of condition at issue; the open and obvious nature of the alleged hazard; the utility of the premises containing the alleged condition versus the burden of mitigating the danger posed by the alleged condition. In cases where the premises has an important function, it is more difficult for a plaintiff to prove the condition unreasonably dangerous. Parking lots and garages have been held to serve an important social function throughout the appellate courts of Louisiana,

including the Supreme Court. *Reed v. Wal-Mart Stores, Inc.*, 97-1174 (La. 3/4/1998); 708 So. 2d 362.

In *Reitzell v. Pecanland Mall Associates, Ltd.*, 37,524 (La. App. 2 Cir. 8/20/2003); 852 So. 2d 1229, the plaintiff brought suit against a shopping mall claiming that an unreasonably dangerous condition in its parking lot caused her to trip and fall. The Court held that one chief factor in determining whether a condition is unreasonably dangerous is the "degree to which [the] danger is evident to a particular victim." *Id*. The *Reitzell* court acknowledged that Louisiana courts have recognized that the public must be aware that parking lots commonly have irregular surfaces along ". . . the countless cracks, seams joints and curbs . . ." and decided in favor of the defendant. Plaintiffs in parking areas, therefore, have a duty to look out for dangers that might be anticipated, such as elevation changes, uneven surfaces, railings separating lanes of traffic and curbs. This yellow railing (which plaintiff saw and decided to encounter) is no different.

A landowner can owe a duty to discover unreasonably dangerous conditions, and to either correct the condition or warn of its existence. *Dauzat v. Curnest Guillot Logging, Inc.*, No. 2008-0528, (La. 12/2/08); 995 So. 2d 1184, 1186. That said, when the hazard presented is open and obvious and should be readily discoverable by a person exercising reasonable care, the Louisiana Supreme Court has established that such hazards are not unreasonably dangerous and, consequently, do not give rise to a duty to correct the condition or warn of its existence:

> "Nonetheless, we have recognized that defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff.
>
> The degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous. A landowner is not liable for an injury which results from a condition which should have been observed by the

individual in the exercise of reasonable care- or which was as obvious to a visitor as it was to the landowner." *Dauzat,* 995 So. 2d at 1186.

A review of relevant jurisprudence applying the principles of *Dauzat* illustrates the Court's broad application of the 'open and obvious' defense to preclude a plaintiff's tort negligence claims due to the defendant's lack of a legal duty to protect the plaintiff from his own carelessness.

A hallmark characteristic of the 'open and obvious' defense precluding a plaintiff's claim is the readily discoverable nature of the hazardous condition, regardless of whether the injured party actually saw, or was aware of, the hazard at the time of injury. In *Fluence v. Marshall Bros. Lincoln Mercury, Inc.*, 10-482 (La. App. 5 Cir. 11/23/10), 54 So. 3d 711, the plaintiff (an asphalt subcontractor working on the premises of an automobile dealership) sued the dealership and a drainage subcontractor for injuries sustained when he fell into an open drainage hole while walking backwards as he smoothed freshly-laid parking lot asphalt. *Fluence*, 54 So. 3d at 712. Both defendants won motions for summary judgment on grounds that they had breached no duty to the plaintiff as the open drainage hole did not present an unreasonable risk of harm given its 'open and obvious' nature, and they noted that the plaintiff had seen the hole earlier in the day and was aware of its existence. *Id.*

The Louisiana Fifth Circuit Court of Appeal upheld the summary judgment, relying on the 'open and obvious' principles promulgated in *Dauzat* to sustain the trial court's dismissal. The court ". . . recognized that defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should be open and obvious to all, the condition may not be unreasonably dangerous, and the defendants may owe no duty to the plaintiff." *Id.* at 714. The court found that the drain did not present an "unreasonably dangerous" condition, because the hazard was readily discoverable to a person exercising reasonable

care under the circumstances, and that the defendants, therefore, violated no duty to the plaintiff.

Similarly, in *Dowdy v. City of Monroe*, 46,693 (La. App. 2 Cir. 11/2/11); 78 So. 3d 791, the Second Circuit affirmed summary judgment for the City of Monroe after a plaintiff tripped and fell in a parking lot owned by the city. The court found that "[d]efendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should have been obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff." *Dowdy*, 78 So. 3d at 795. This is because a "landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner." *Id. citing Dauzat, supra.* Since the irregular surface on the parking lot was an open and obvious condition that should have been visible to a prudent pedestrian, the city was not liable to the plaintiff for her injuries.

The plaintiff in the instant case admitted that he saw the railing before deciding to step over it. Even if the railing did present some danger (which it did not), the railing was an open and obvious condition against which Hilton had no duty to protect him. Hilton cannot and should not be liable for the plaintiff's alleged damages resulting from him stepping over the yellow railing, which by no means presented an unreasonable risk of harm and which was as apparent to the plaintiff as it was to Hilton or anyone else.

## **CONCLUSION**

For the foregoing reasons, defendant, Hilton Management, LLC, prays that this Court dismiss plaintiff's claims against it in their entirety and with prejudice.

Respectfully submitted;

PLAUCHÉ MASELLI & PARKERSON L.L.P.

BY: /s/ George C. Drennan
GEORGE C. DRENNAN, T.A. (#28025)
LAUREN B. DIETZEN (#31444)
KATELYN W. HARRELL (#35164)
Plauché Maselli Parkerson, LLP
701 Poydras, Suite 3800
New Orleans, Louisiana 70139-4240
Tel: (504) 582-1142; Fax: (504) 582-1142
COUNSEL FOR HILTON MANAGEMENT LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2015 I have electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

/s / George C. Drennan