UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MATTHEW JAMES** | * | **CIVIL ACTION NO. 2:14-CV-02763** |
| | * | |
| **VERSUS** | * | **JUDGE: CARL BARBIER** |
| | * | |
| **HILTON NEW ORLEANS CORPORATION** | * | **MAGISTRATE: MICHAEL NORTH** |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Plaintiff's opposition memorandum sets forth no legal or factual basis to deny this Motion for Summary Judgment. It remains, therefore, that Hilton Management, LLC ("Hilton") should be dismissed from this lawsuit with prejudice. Plaintiff asserts that there remains some issue as to whether the condition presented an unreasonable risk of harm to him. There is no such issue in law or fact. The facts are clear that there was no unreasonable risk of harm much less any risk about which plaintiff needed to be warned. The facts are straightforward. There are no more mysteries to be solved. The law is likewise clear. The yellow pipe did not present an unreasonable risk of harm to plaintiff, and Hilton should be dismissed with prejudice.

To start, the assertion of plaintiff that he needs additional discovery is an effort to distract from the sufficient undisputed material facts already in the record, which facts show that summary judgment should be granted. That said, Hilton would have this Court note that: a) plaintiff has failed to file a witness or exhibit as required; b) plaintiff has never made any clear request for counsel for

617780_1.WPD

Hilton to provide witnesses for deposition or dates to depose anyone from Hilton; and, c) plaintiff made no request for inspection of the premises. Plaintiff's effort to delay the adjudication of this matter with a mention of vague additional discovery is belied by the plaintiff's actions so far in this matter. The argument is of no moment anyhow, since the record contains the facts necessary for the grant of summary judgment.

Plaintiff's efforts to undermine the legal arguments of Hilton are likewise unconvincing, as plaintiff cites to no case that would refute the propriety of summary judgment pursuant to the facts, evidence and law applicable to this case. Defendant has already provided cases that show summary judgment on the issue of unreasonable danger can be appropriate. Nevertheless, plaintiff provides this Court with *Fuqua v. Horseshoe Entertainment*, 2012 WL 256862 (W.D. La. June 29, 2012) 11-cv-733, an unreported Western District of Louisiana case that concerned different facts and different legal issues. In *Fuqua*, the plaintiff tripped over something unseen while attempting to cross a median. *Fuqua*, 2012 WL at *1. Her attorney later visited the site of her fall and discovered a piece of partially protruding rebar in the median, something the casino employees denied observing until after the plaintiff's fall. *Id.* at *2. The court held that because a genuine issue of material fact existed regarding the casino's knowledge of the hidden rebar, summary judgment was not appropriate in that case. *Id.* at *5. This subject case has almost nothing to do with actual or constructive knowledge and it does not in any way concern a hidden defect.

Plaintiff will be unable to prove that the yellow pipe presented an unreasonable risk of harm. Hilton avers that the yellow pipe presented no unreasonable risk since plaintiff's own testimony (and other facts) reveal that the yellow pipe was both obvious and admittedly seen by him. To constitute

an unreasonable risk of harm under Louisiana "the defect must be of such a nature as to constitute a dangerous condition **which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances**." *Waller v. Shelter Mut. Ins. Co.*, 41,215, (La. App. 2 Cir. 6/28/06); 935 So. 2d 288, 292. See also *Cormier v. Dolgencorp, Inc.*, 137 Fed. Appx. 627, 627-628 (5th Cir. 2005).

      Plaintiff asks this Court to find that a bright yellow pipe, which he saw, would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. This is exactly the sort of leap the Louisiana Supreme Court cautioned against in *Dauzat v. Curnest Guillot Logging, Inc.*, No. 2008-0528, (La. 12/2/08); 995 So. 2d 1184 when it held that the owner of a premises "is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care - or which was as obvious to a visitor as it was to the landowner." *Dauzat*, 995 So. 2d at 1186. Plaintiff cannot prove the pipe presented an unreasonable risk of harm because no one would reasonably expect this yellow pipe that was seen by plaintiff to cause injury to a prudent person using ordinary care. Again, "where a risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable." *Jordan v. Hickman*, 39,519 (La. App. 2 Cir. 4/6/05), 899 So. 2d 830, 834.

      Plaintiff alleges that pedestrians wishing to access the parking management office were forced to step over the pipe due to a lack of alternative routes around it. This is a self-serving, unsupported and - most importantly - inaccurate statement as the pipe is only forty-six feet long and can easily be circumambulated on either end. And, regardless of the other routes plaintiff could have used to reach the office, the existence or non-existence of an alternate route has no bearing on the

analysis of whether or not the yellow pipe presented an unreasonable risk of harm. The United States Fifth Circuit clarified this when interpreting Louisiana law in *George v. Nabors Offshore Corp.*, 464 Fed. Appx. 298 (5th Cir. 2012), holding that "we are unconvinced that the existence of an alternative route affects the unreasonably dangerous analysis." *George*, 464 Fed. Appx. at 300.

Plaintiff even posits the height of the pipe made it dangerous in his quest to prove that some aspect of it presented an unreasonable risk of harm. Plaintiff did not present an expert report on this claim,[1] and alleges no factual basis for the conclusory statement that the pipe is at an inappropriate height. He saw and appreciated the presence and nature of the yellow pipe. Plaintiff's self-serving, unsupported lay opinion that the pipe should have been higher does not create a genuine issue of material fact. The plaintiff observed the pipe and chose to step over it. The height of the yellow pipe has nothing to do with this matter, except that it was easily seen before the incident.

Finally, the plaintiff has the nerve to allege that the yellow pipe was not open and obvious because he could not know "the extent of the danger that it posed to him should he attempt to step over it." The pipe is not a hidden piece of rebar as the plaintiff encountered in *Fuqua*. It could not trick anyone. It is a just a pipe with no moving parts. There is most certainly no record evidence to the contrary. Plaintiff's testimony, among other evidence, leads to the supported, inescapable conclusion that the yellow pipe was a readily discoverable condition that did not present an unreasonable risk of harm to a person exercising reasonable care under the circumstances. "When a dangerous condition is patently obvious and easily avoidable, it can hardly be considered to present

---

[1] Under this Court's scheduling order expert reports were due on June 17, 2015 and plaintiff failed to submit any expert reports.

a condition creating an unreasonable risk of harm." *Alexander v. City of Baton Rouge*, 98-1293 (La. App. 1 Cir. 6/25/99),739 So. 2d 262, 269. Under Louisiana law, this was an open and obvious condition that did not create an unreasonable risk of harm, and plaintiff's case should be dismissed in its entirety, with prejudice.

## CONCLUSION

Plaintiff has not provided factual support to show that there existed an unreasonably dangerous condition. This Court should grant the Motion for Summary Judgment of Hilton and dismiss this case in its entirety with prejudice.

Respectfully submitted;

**PLAUCHÉ MASELLI PARKERSON, LLP**

 */s/ George C. Drennan*
GEORGE C. DRENNAN, T.A. (#28025)
LAUREN B. DIETZEN (#31444)
KATELYN W. HARRELL (#35164)
Plauché Maselli Parkerson, LLP
701 Poydras, Suite 3800
New Orleans, Louisiana 70139-4240
Tel: (504) 582-1142; Fax: (504) 582-1142
COUNSEL FOR HILTON MANAGEMENT LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2015  I have electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

*/ s / George C. Drennan*