UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


MATTHEW JAMES                                CIVIL ACTION

VERSUS                                       NO: 14-2763

HILTON NEW ORLEANS                           SECTION: "J"(5)
CORPORATION

                         **ORDER & REASONS**

   Before the Court is a *Rule 56 Motion for Summary Judgment* **(Rec. Doc. 17)** filed by Defendant, Hilton Management, LLC, ("Hilton") (erroneously identified as Hilton New Orleans Corporation) and an opposition thereto (Rec. Doc. 23) filed by Plaintiff. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

                    **FACTS AND PROCEDURAL BACKGROUND**

   This litigation commenced when on August 8, 2014, Plaintiff filed a Petition for Damages in state court alleging premises liability and negligence against Hilton. In the petition, Plaintiff alleged that on August 10, 2013, he tripped and fell over "metal piping which was positioned in between the incoming and outgoing traffic" on the premises of a Hilton New Orleans Riverside Hotel parking garage. (Rec. Doc. 1-2) Plaintiff averred that Hilton "created the above-described hazardous condition and caused the area where [Plaintiff] fell to be

dangerous, unsafe and present an unreasonable risk of harm." Defendant removed the case based on diversity jurisdiction on December 5, 2014, and this Court denied Plaintiff's Motion to Remand. (Rec. Doc. 16)

According to his deposition testimony, Plaintiff went to the concierge desk in the hotel and asked for help in the parking garage because the exit gates were malfunctioning. (Rec. Doc. 23-3, p. 9) Plaintiff then followed the concierge from the hotel into the parking garage. Although Plaintiff did not see the concierge cross the railing, he saw her standing on the other side of it. (Rec. Doc. 23-3, p. 11) Plaintiff did not notice a way around the railing, so he attempted to step over it. Plaintiff successfully stepped over the railing with his left foot and put that foot on the ground on the other side of the railing. (Rec. Doc. 23-3, p. 12) In the process of stepping over the railing with his right foot, Plaintiff fell. (Rec. Doc. 23-3, pp. 12-13)

At the time of the incident, the railing at issue was painted a bright yellow. (Rec. Doc. 17-3) The railing stands 24.5 inches high, with a length of approximately 46 feet. The piping that comprises the rail has a diameter of 6.5 inches.

On June 30, 2015, Defendant filed the present *Rule 56 Motion for Summary Judgment* **(Rec. Doc. 17)**, seeking complete dismissal of this proceeding, with prejudice. After a brief

2

continuance, Plaintiff opposed the motion for summary judgment on July 22, 2015. (Rec. Doc. 23)

## **PARTIES' ARGUMENTS**

Defendant argues that Plaintiff cannot prove that he encountered, or that there even existed any defect presenting an unreasonable risk of harm that caused him to fall. According to Defendant, Plaintiff "saw the railing . . . , knew it was there, purposefully crossed over it and then fell while doing so." (Rec. Doc. 17-1) Because the railing was "open and obvious, seen, anticipated and purposefully encountered by plaintiff," Defendant argues that it was not a defect presenting unreasonable risk of harm.

In opposition to Defendant's motion, Plaintiff argues, as an initial matter, that the question of whether a hazard was open and obvious is "clearly a question for the jury." (Rec. Doc. 23, p. 10) Moreover, Plaintiff argues that the railing was not an open and obvious hazard because "[t]here was no way for [Plaintiff] to ascertain by merely looking at the metal piping the extent of the danger that it posed to him should he attempt to step over it." Lastly, Plaintiff argues that depositions of those persons present in the parking garage on the day of the incident must be taken "in order to determine if there existed any defect in the metal piping that could have caught on the

3

plaintiff's clothing and/or leg which caused him to fall." (Rec. Doc. 23, p. 11)

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l*

*Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Under Louisiana law, it is well-settled that "a landowner owes a duty to a plaintiff to discover any unreasonably dangerous conditions, and to either correct the condition or warn of its existence." *Dauzat v. Curnest Guillot Logging Inc.*, 995 So. 2d 1184, 1186 (La. 2008) (per curiam). Louisiana Civil Code articles 2317 and 2317.1 provide that an individual is

5

responsible for the damage caused by things in his custody and answerable for damage caused by their defect upon a showing that he knew or, in the exercise of reasonable care, should have known of the defect that caused the damage, that the damage could have been prevented by the use of reasonable care, and that he failed to exercise such care. La. Civ. Code Ann. arts. 2317, 2317.1. Thus, to recover for damages caused by a defective thing, the plaintiff must prove the following elements: (1) the property that caused the damage was in the defendant's custody; (2) the property contained a defect that presented an unreasonable risk of harm to others; (3) the defective condition caused the damage; and (4) the defendant knew or should have known of the defect. *See, e.g.*, *Ardoin v. Lewisburg Water Sys.*, 963 So. 2d 1049, 1051 (La. App. 3 Cir. 2007).

The owner or custodian of a thing is not responsible for all injuries resulting from any risk posed by the thing. Rather, the owner is only responsible for those injuries caused by a ruinous condition or defect that presents an unreasonable risk of harm to others. *See Broussard v. State ex rel. Office of State Bldgs.*, 113 So. 3d 175, 183 (La. 2013). The question of whether a defect presents an unreasonable risk of harm is "a matter wed to the facts" and must be determined in light of the facts and circumstances of each particular case. *Id.* Courts have adopted a risk-utility balancing test to determine whether such

a condition is unreasonably dangerous, wherein the trier of fact balances the gravity and the risk of harm against the individual and societal utility and the cost and feasibility of repair. *Bufkin v. Felipe's La., LLC*, No. 14-0288, 2014 WL 5394087, at *4 (La. Oct. 15, 2014).

The Louisiana Supreme Court has synthesized the risk-utility balancing test to a consideration of four pertinent factors: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature." *Id.* (citing *Broussard*, 113 So. 3d at 184).

The second prong of this risk-utility inquiry focuses on whether the allegedly dangerous or defective condition is obvious and apparent. Under Louisiana law, a defendant generally does not have a duty to protect against an obvious and apparent hazard. *Id.*; *Broussard*, 113 So. 3d at 184. In order for an alleged hazard to be obvious and apparent, the hazard should be one that is "open and obvious to everyone who may potentially encounter it." *Bufkin*, 2014 WL 5394087, at *4 (citing *Broussard*, 113 So. 3d at 184).

In his opposition, Plaintiff cites to *Fuqua v. Horseshoe Entm't*, No. 11-733, 2012 WL 2562862 (W.D. La. June 29, 2012). In

7

*Fuqua*, the plaintiffs were walking across a grassy median when one of them tripped on a rebar stub protruding "about an inch to an inch and a half above" the median surface. *Id.* at *1-2. The court denied summary judgment because a genuine issue of material fact existed regarding the defendant's knowledge of the exposed rebar stub. *Id.* at *5. Unlike the instant case, whether the rebar stub was an obvious and apparent hazard was not at issue in *Fuqua*, as the court noted that the surveillance video "shows no obvious cause for her fall." *Id.* at *1.

The instant case is more comparable to *Bufkin v. Felipe's Louisiana, LLC*. In *Bufkin*, the plaintiff was injured when he was struck by a bicyclist while attempting to cross the street next to the defendant's large dumpster. 2014 WL 5394087, at *1. The plaintiff alleged that the dumpster contributed to his injury by obstructing his view and preventing him from crossing the street safely. *Id.* The Louisiana Supreme Court held that summary judgment in favor of the defendant was appropriate because the evidence presented on the motion for summary judgment established that any vision obstruction caused by the dumpster was "obvious and apparent, and reasonably safe for persons exercising ordinary care and prudence." *Id.* at *6; *see also Rodriguez v. Dolgencorp, LLC*, 152 So. 3d 871, 872 (La. 2014) (per curiam) (granting summary judgment in favor of defendant because the presence of a shopping cart in the parking lot was

8

open and obvious, and did not create an unreasonable risk of harm where the customer who fell "was aware of the presence of the shopping cart and could have avoided harm through the exercise of ordinary care").

Louisiana courts have recently discussed whether courts may grant summary judgment on the issue of whether an alleged defect presents an unreasonable risk of harm. In *Broussard v. State ex rel. Office of State Buildings*, which involved a full jury trial, not a motion for summary judgment, the Louisiana Supreme Court held that the determination of whether a defect constituted an unreasonable risk of harm was a question for the trier of fact. 113 So. 3d at 185. However, in *Bufkin*, the Louisiana Supreme Court clarified its holding in *Broussard*, stating "[*Broussard*] should not be construed as precluding summary judgment when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous." 2014 WL 5394087, at *7 n.3. Similarly, in *Allen v. Lockwood*, the Louisiana Supreme Court held that the issue of whether a defect created an unreasonable risk of harm was an appropriate issue for summary judgment. 156 So. 3d 650, 653 (La. 2015) (per curiam). "Any reading of *Broussard* interpreting it as a limit on summary judgment practice involving issues of unreasonable risk of harm is a misinterpretation of the *Broussard* case." *Id.* at 652-53.

9

In sum, Louisiana jurisprudence does not preclude the granting of a motion for summary judgment in cases "where the plaintiff is unable to produce factual support for his or her claim that a complained-of condition or thing is unreasonably dangerous." *Bufkin*, 2014 WL 5394087, at *7 (Guidry, J., concurring). "Rather, in such a procedural posture, the court's obligation is to decide 'if there [is] a genuine issue of material fact as to whether the [complained-of condition or thing] created an unreasonable risk of harm.'" *Lockwood*, 156 So. 3d at 653.

In the instant case, Defendant produced the affidavit of Cedric Williams, deposition of Plaintiff, and photographs of the railing at issue. In his affidavit, Cedric Williams states that the railing has existed in the parking garage for at least eighteen years and has not been the subject of any reported complaint or accident in the ten years that he has been Director of Parking Operations. (Rec. Doc. 17-3, pp. 1-2) In Plaintiff's deposition, he admits that he saw the railing at issue when he approached it and made the decision to attempt to step over it. (Rec. Doc. 17-5, pp. 5-6) The photographs of the railing at issue show that the complained-of condition—a bright yellow railing, over two feet tall and forty-six feet long—was obvious and apparent to anyone who may potentially encounter it. Thus, the Court concludes that Defendant had no duty to warn of the

10

obstruction presented to pedestrians by the bright yellow railing.

Once Defendant demonstrated that Plaintiff would be unable to bear his burden to prove an essential element of his negligence action, that a duty was owed by Defendant to him, then the burden shifted to Plaintiff to demonstrate that he would be able to meet the burden at trial. Plaintiff failed to produce any evidence to rebut Defendant's evidence or demonstrate how the alleged defects caused the accident. In his opposition, the only evidence Plaintiff produced was his own deposition, in which he admits that he was aware of the railing and decided to attempt to step over it. (Rec. Doc. 23-3, pp. 10-12) Moreover, in his deposition, Plaintiff could not remember exactly what happened to his right foot to cause him to fall. (Rec. Doc. 23-3, pp. 12-13) Therefore, as there is no genuine issue as to whether the railing in the parking garage was unreasonably dangerous, Defendant is entitled to summary judgment in its favor as a matter of law.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Rule 56 Motion for Summary Judgment* **(Rec. Doc. 17)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's *Motion for Leave to File Reply Memorandum in Support of Motion for Summary Judgment* **(Rec. Doc. 24)** is **DENIED as moot.**

New Orleans, Louisiana this 30th day of July, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE